IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MIKAEL WYATT,

        Petitioner,

    v.

ISRAEL JACQUEZ,

        Respondent.

Case No. 3:24-cv-00269-JE

FINDINGS AND RECOMMENDATION

Mikael Wyatt  
85873509  
FCI SHERIDAN CAMP  
P.O. BOX 6000  
SHERIDAN, OR 97378

    Petitioner, *Pro Se*

Natalie Wight  
United States Attorney  
Michael James Jeter, Assistant United States Attorney  
1000 SW Third Avenue, Suite 600  
Portland, OR 97204-2902

    Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2241 challenging a decision by the Bureau of Prisons ("BOP") to deny him earned time credits under the First Step Act ("FSA"). For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) should be denied.

## BACKGROUND

Petitioner is incarcerated at FCI-Sheridan where he is serving a 51-month sentence for violating 21 U.S.C. § 841(a)(1) (possession with intent to distribute fentanyl) and 18 U.S.C. § 924(c)(1)(A) (possession of a firearm in furtherance of a drug trafficking crime). Declaration of Danielle Rogowski (#8), ¶ 3. The BOP has determined that he is ineligible to accrue earned time credits under the FSA based upon his crimes of conviction. Specifically, it concluded that because he had been convicted of possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 3632(d)(4)(D)(xxii) precludes him from earning time credits under the FSA. *Id.* at ¶¶ 5-6.

On February 9, 2024, Petitioner filed this 28 U.S.C. § 2241 habeas corpus case in which he alleges that: (1) he did not commit a crime of violence, thus he is entitled to accrue FSA earned time credits; and (2) the BOP is allowing other prisoners with the same convictions to accrue FSA time credits, and to deny him the same violates his right to equal protection. Respondent asks the Court to deny relief on the Petition because any focus on the violent nature of his crimes (or lack thereof) is irrelevant given the statutory language at issue; and (2) the BOP is not treating Petitioner differently than similarly situated prisoners. Although Petitioner's supporting memorandum was due May 28, 2024, he has not filed such a brief with the Court.

2 - FINDINGS AND RECOMMENDATION

///

## DISCUSSION

The FSA, which Congress enacted on December 21, 2018, incentivizes prisoners that the BOP deems to be either minimum or low risk to complete evidence-based recidivism reduction programs in exchange for earned time credits they can utilize to accelerate their release from prison. The FSA provides that prisoners who participate in programming specifically targeted at reducing their risk of recidivism will earn between ten and fifteen days of time credits for every 30 days of programming, and those credits can be applied toward a reduction in their sentences up to a maximum of 365 days, or accelerate their release from prison into transitional housing. 18 U.S.C. § 3632(d)(4)(A), (B), (D); 18 U.S.C. § 3624(g).

The FSA is not unrestricted, however, and it specifically states that prisoners who unlawfully possess a firearm during and in relation to any drug trafficking crime (without any consideration for violence) are ineligible for earned time credits. 18 U.S.C. § 3632(d)(4)(D)(xxii). This applies squarely to Petitioner. Although he argues that he did not commit a "crime of violence" as that phrase was interpreted by the Supreme Court in *United States v. Taylor,* 596 U.S. 845 (2022), his reliance upon *Taylor* is misplaced because that case involved an interpretation of whether attempted Hobbs Act robbery constituted a crime of violence for purposes of a sentencing enhancement under the Armed Career Criminal Act; it did not invalidate 18 U.S.C. § 3632(d)(4)(D)(xxii).

Petitioner also asserts that the BOP violated his right to equal protection when it declared him to be ineligible for FSA earned time credits. The Equal Protection Clause protects similarly situated persons from unequal treatment. *City of Cleburne, Tx. v. Cleburne Living Center*, 473 U.S.

3 - FINDINGS AND RECOMMENDATION

432, 439 (1979). A petitioner can establish an equal protection violation if he shows either: (1) purposeful discrimination against him based upon his membership in a protected class; or (2) he was treated differently than similarly situated individuals where there was no rational basis to do so, or any rational relationship to a legitimate governmental purpose. *Lee v. City of L.A.*, 250 F.3d 668, 686 (9th Cir. 2001); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

According to Petitioner, the BOP is treating him differently than similarly situated prisoners by allowing them to accrue FSA time credits despite having committed the same crimes he did. Petitioner alleges that "[w]hen convenient . . . the Respondent has allowed inmates to earn and apply FSA Tim Credits for gun charges" such that "similarly situated inmates are earning FSA Time Credits while the Petitioner is not[.]" Petition (#1), p. 8A. He provides a specific example in the form of another prisoner whom he identifies in his Petition. Contrary to Petitioner's representations, however, the Adult in Custody he identifies was not convicted of possession of a firearm in the furtherance of a drug trafficking crime. *See* Rogowski Declaration (#8), Exhibit 4. Because the two are therefore not similarly situated, Petitioner cannot prevail on his equal protection claim.

## RECOMMENDATION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) should be denied, and the Court should enter a judgment dismissing this case with prejudice. The Court should also decline to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

///

///

///

## **SCHEDULING ORDER**

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 17 days. If no objections are filed, the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

| 8/14/2024 | s/ John Jelderks |
|---|---|
| DATE | John Jelderks |
| | United States Magistrate Judge |

5 - FINDINGS AND RECOMMENDATION